UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRIC E. THOMPSON,

    Petitioner,

-vs-                                                  Case No.  8:11-CV-1207-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, an inmate of the Florida penal system, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). The petition raises two grounds for relief: 1) the conviction was obtained by fraud; and 2) the trial court lacked jurisdiction to adjudicate and sentence him (Id. at 5-9).  The petition also asserts that Ground One was raised in a state post conviction motion which is currently pending before the state post conviction court in the Thirteenth Judicial Circuit, Hillsborough County, Florida, and Ground Two was raised in a state petition for writ of habeas corpus which is currently pending before the Fourteenth Judicial Circuit Court, Jackson County, Florida (Id.).

Respondent has moved to dismiss the petition without prejudice (Dkt. 5). Respondent asserts that Petitioner has a pending motion for post conviction relief in the 13th Judicial Circuit, and that an evidentiary hearing on his post conviction motion is scheduled for October 31, 2011.  (Id. at 2).  Respondent argues that the petition should be dismissed

without prejudice for failure to exhaust state remedies (Id. at 3).[1] Petitioner filed a "Traverse to Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus" (Dkt. 7) in which he argues that this Court should not dismiss his petition, but instead consider the merits of his petition because he is actually innocent of the crimes for which he was convicted. He further argues that his petition raises federal constitutional issues (Id.).

"An application for writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2244 (b)(1)(A). The petition raises two grounds for relief that were raised in Petitioner's state post conviction motions which currently remain pending before the state post conviction courts. Thus, both claims raised in the petition before this Court are unexhausted.

Petitioner's judgment of conviction was entered on March 9, 2009. (Dkt. 1 at 1). Petitioner did not file a direct appeal. Therefore, his judgment of conviction became final 30 days later on April 8, 2009. *See Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the thirty-day time period for filing an appeal expires). Petitioner had one year from the date his case became final to file the federal petition. 28 U.S.C. § 2244(d)(1). According to the Hillsborough County Clerk of Court Progress Docket, Petitioner filed his state post conviction motion on November 19, 2009. The federal

---

[1] Respondent argues in the alternative that the petition should be dismissed for failure to raise a federal constitutional issue (Id. at 7).

limitations period is tolled during the time that Petitioner has a properly filed post conviction motion pending. 28 U.S.C. § 2244(d)(2).  Here, 225 days of untolled time ran on the federal one-year limitations period, until Petitioner filed his state post conviction motion with the 13th Judicial Circuit on November 19, 2009.  Consequently, it appears that Petitioner's federal limitation is currently tolled and the federal limitation period does not appear to be in jeopardy.

28 U.S.C. § 2254(b)(1)(A) requires that a petitioner first exhaust state court remedies. Petitioner acknowledges that he did not exhaust either of the claims raised in the petition prior to filing the petition in this Court.  In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state courts an opportunity to rule on Petitioner's challenge to his judgment of conviction.  Thus, this case will be dismissed without prejudice to allow Petitioner the opportunity to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice as unexhausted (Dkt. 1).[2]

2. The **Clerk** shall terminate all pending motions, and close this case.

---

[2] Petitioner is cautioned that although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot show that reasonable jurists could debate the dismissal of the instant petition, and therefore Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on September 12, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record